EMMA C. ZIMMER

*v.*

CHARLOTTE C. FARR *et al.*

*Opinion filed February 21, 1907.*

1. MORTGAGES—*when fraud in executing trust deed does not affect its validity as security.* The fact that the grantee in a deed may have perpetrated a fraud upon his grantors in executing a trust deed securing to a third person a first lien for money loaned by him in good faith upon the title as it appeared of record, without any negligence on his part and without knowledge or notice of the fraud, does not affect the validity of such trust deed as security.

2. EVIDENCE—*what will not sustain decree declaring deeds to be forgeries.* A decree canceling certain deeds as forgeries upon the ground that the name of the original grantee was erased and another name substituted after the deeds were executed cannot be sustained, where the preponderance of the evidence shows that as to two of the deeds there had been no erasure whatever, and that as to the other the erasure and substitution were made after the deed was prepared but before it was executed, and that the change was explained to the grantors.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

JOHN C. TRAINOR, for appellant.

CHARLES L. BARTLETT, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This cause was heard in the circuit court of Cook county upon the amended bill of appellant, the answers of appellees thereto, replications to the answers, and the proofs of the respective parties, and upon such hearing the chancellor found that three deeds executed by appellant, her sister Bertha, and

her brother Conrad and his wife, in which the name of Ralph H. Thatcher appeared as grantee, were forgeries, for the reason that the name of the grantee in each deed had been erased and the name of Thatcher had been inserted after the execution thereof and without the knowledge of the grantor therein. The deeds were therefore set aside and declared to be null and of no effect, and as a consequence a trust deed executed by Thatcher and wife to the appellee the Chicago Title and Trust Company under its former name, to secure the promissory note of Thatcher for $2000 and interest, held by Charlotte C. Farr, was set aside and declared to be void and the Chicago Title and Trust Company was ordered to deliver up all of the instruments to be canceled by the clerk of the court. The controversy related only to the validity of the trust deed as a lien, and, the title to the real estate not being in dispute, an appeal was taken from the decree to the Appellate Court for the First District. The cause was heard in the branch of that court, which reversed the decree and remanded the cause, with directions to dismiss the bill for want of equity. The record has been brought here by appeal from the judgment of the Appellate Court.

The complainant, Emma C. Zimmer, her sister Bertha and her brother Conrad owned in severalty three parcels of land, which together made a small farm of eighteen or nineteen acres, and the deeds in question were executed on April 10, 1901, for the purpose of conveying said lands. A corporation had been organized under the name of Western Canning Company, of which Thatcher was secretary and treasurer, and his partner, Leonard Goodwin, was president. Goodwin and Thatcher were attorneys at law, and Thatcher had known the Zimmers for some years and had done some law business for them. Thatcher, acting for the corporation, made a verbal agreement with complainant and her brother and sister, by which Conrad was to sell his tract to the complainant and she and her sister Bertha were to sell the farm to the corporation for $7000, of which $1000 was to be paid

in cash, $1000 in shares of stock of the corporation and
$5000 in notes of the corporation, secured by a trust deed on
the premises. To save the expense of making and record-
ing unnecessary deeds it was agreed that Conrad should
make his conveyance directly to the corporation, and the
purchase price for the same was to be arranged between him
and Thatcher and complainant. Thatcher then applied to
Marvin A. Farr, husband of the defendant Charlotte C.
Farr, for a loan, to be secured by a first mortgage or trust
deed on the farm, and Farr agreed to loan him $2000. Be-
fore the papers were made Thatcher told Farr that the trust
deed would come from the canning company, which would
execute the same and the note which it secured. Farr re-
fused to make the loan to the corporation and insisted up-
on having a mortgage made by an individual, whereupon
Thatcher agreed that he would make the note and execute
the trust deed. Farr had a trust deed prepared, dated April
9, 1901, and a principal note and coupons to be executed by
Thatcher to the trust company. On April 10, 1901, the Zim-
mers went to the office of Goodwin and Thatcher and exe-
cuted warranty deeds for their respective parcels, one by the
complainant, another by her sister Bertha and another by
Conrad and his wife, and the deeds were acknowledged the
same day before Goodwin as notary public. The deed from
Bertha was dated April 8, and the deeds from complainant
and Conrad were dated April 9, 1901. Thatcher arranged
with Conrad the payment for his parcel sold to complainant,
and delivered to complainant and her sister Bertha, each,
$500 of the capital stock of the corporation. He explained
to them that the corporation had no money at that time but
would obtain funds and pay the cash payment in a short
time, and they agreed to wait for it. He delivered to the
complainant and Bertha notes of the corporation secured by
a trust deed, one for $2950 to the complainant and one for
$2050 to Bertha. The three deeds were given to Thatcher
and the trust deed of the corporation was also left with him.

On April 12, 1901, Thatcher delivered the deeds to the trust company, and also a trust deed executed by himself and wife conveying the premises to the trust company to secure his note held by Charlotte C. Farr, and said instruments were recorded the same day. On April 26, 1901, Charlotte C. Farr paid over to Thatcher $1950, the net proceeds of the loan, which he deposited to the credit of the corporation. Three days afterward the canning company made the cash payment of $1000 to complainant and Bertha by its check on the Western State Bank. On May 27, 1901, Thatcher filed for record a warranty deed from himself and wife to the canning company, dated April 9 and acknowledged April 12, and also the trust deed of the canning company, dated April 10 and acknowledged the same day, given to secure the notes to complainant and her sister. The deeds, when delivered to the title and trust company, contained the name of Thatcher as grantee. The canning company defaulted in the payment of the notes secured by its trust deed and by agreement conveyed the lands back to the complainant. She afterward conveyed to Bertha the tract formerly owned by the latter, and Bertha subsequently quit-claimed said tract to the complainant to enable her to bring this suit and to have the questions involved settled in one litigation. The bill alleged that when the deeds were executed the Western Canning Company was named in each of them as the grantee; that afterward Thatcher erased the name of the grantee in each deed and inserted his own without the consent of the grantor therein, and therefore Thatcher was not the owner of the lands and had no right or title therein when he made the trust deed, and that the deeds to Thatcher and the trust deed executed by him were clouds on the title of the complainant.

The question whether Thatcher committed a fraud by making the trust deed securing Charlotte C. Farr a first lien does not arise in this case, and if there were any such fraud, the trust deed could not be set aside to the prejudice of Char-

lotte C. Farr, who loaned her money in good faith upon the title as it appeared of record, without any negligence or any knowledge or notice of the fraud. On the question at issue in the case we are convinced that the Appellate Court was right and that the decree was not supported by the evidence. Complainant herself proved that there had been no erasure or change whatever in the name of the grantee in the deed from Conrad and wife or in the one from Bertha. She called and examined as a witness an expert who had made a careful microscopic examination and had applied tests to determine whether an erasure had been made, and he testified that there had been neither erasure nor change. An expert produced as a witness for the defendants testified to the same effect, and the evidence is conclusive that those two deeds were in precisely the same condition as when they were executed and Thatcher was the grantee in each of them. It could be seen with the naked eye that there had been an erasure of the name of the original grantee in the deed from the complainant and the name of Thatcher had been substituted with a rubber stamp. The erasure had been accomplished by the application of a simple chemical preparation sold at stationers generally for that purpose, and the only question was when it was done. The change was not disputed, and the explanation given by Thatcher was, that he wrote that deed before Mr. Farr refused to make the loan to the canning corporation; that the description by metes and bounds was lengthy; that he erased the name of the Western Canning Company with an erasing liquid which he kept on his desk for such purposes and inserted his own name; that he afterward prepared the other deeds with his own name as grantee; that the deeds were all in the same condition when signed as at the time of the hearing, and that there was no subsequent change in any respect. He also testified that he explained the facts to the complainant and her sister Bertha, and that when he paid the cash payment to them he told them it was the proceeds of the loan effected by him. How-

ever that may be, there is no evidence which would justify a conclusion that the deed of complainant was altered after its execution. The other deeds were not altered but were made to Thatcher as grantee, and it would be very strange that one deed should be made to the canning company and the other two deeds to Thatcher. The only justifiable conclusion is that all the deeds were made to him. He had no motive whatever for making the alleged change and could not have gained any benefit or advantage from it. The farm was bought for the canning company and Thatcher conveyed the property to that corporation. He endorsed the check for $1950, the net proceeds of the loan to him, and deposited it in the bank to the credit of the canning company. He personally never received anything by reason of the property being conveyed to him, and there is no possibility that he could be mistaken as to the fact. On the other hand, it would not be strange if the complainant and her brother and sister should be mistaken in their recollection. They were selling the property to the canning company, and their attention not being called to the question for about three years, their recollection may have been at fault. Their testimony is greatly weakened by the fact that they testified with equal emphasis that they never acknowledged the deeds which they said they in fact made, and their testimony on that subject is certainly erroneous. Giving to the finding of the chancellor all the weight to which it is entitled by reason of the fact that he heard the testimony, we conclude that the finding was wrong and not sustained by the proof.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*